UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICK DEWAYNE DYAS     CIVIL ACTION NO. 5:17-cv-1494

VERSUS     JUDGE ELIZABETH ERNY FOOTE

KEITH DEVILLE     MAGISTRATE JUDGE PEREZ-MONTES

MEMORANDUM RULING

Petitioner has filed a "Motion for Leave to File a Second and/or Successive Petition for Writ of Habeas Corpus and/or Certificate of Appealability." [Record Document 24]. This Court previously denied his habeas petition as untimely. [Record Document 20]. Because the motion raises grounds that were raised in the original petition, because Petitioner has not appealed the denial of that petition, and because he has filed this motion in the same case, this Court construes the motion as one for a certificate of appealability ("COA").

Although this Court has already denied a COA, [Record Document 23], Petitioner mailed his motion before this Court did so, [Record Document 24 at 6]. Therefore, this Court will briefly explain why Petitioner is not entitled to a COA. Petitioner was convicted of obstruction of justice for removing a SIM card from the cell phone of a possible murder victim in November 2007. [Record Documents 16 at 1–2 and 17 at 1–2, 9]. The thrust of Petitioner's argument is that the state violated *Brady* by failing to turn over records showing that the victim's cell phone was in her mother's possession in January and February 2008. [Record Document 24 at 3]. This Court accepted the Magistrate Judge's determination that a petition based on this alleged *Brady* violation was untimely. [Record Documents 17 at 7-8 and 20 at 1].

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). As he did in his original petition, Petitioner argues that the cell phone records demonstrate his actual innocence. [Record Document 24 at 3]. The Magistrate Judge has already explained why the records show no such thing. [Record Document 17 at 9]. Petitioner tampered with the cell phone in <u>November 2007</u>. The records show that the victim's mother had her cell phone in <u>January and February 2008</u>. A viable actual innocence claim requires a showing that "no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Although a reasonable juror could possibly infer from those records that the victim's mother had the cell phone in November 2007, every reasonable juror not necessarily draw this inference. Thus, Petitioner's actual innocence claim lacks merit sufficient to allow him to overcome the time bar. As reasonable jurists would not debate the correctness of this procedural ruling, a COA was properly denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The instant motion [Record Document 24] is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 31st day of January, 2019.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE